# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**ERIC JEROME WOODS**
**ADC #89709**                                                                                     **PLAINTIFF**

**V.**                                      **CASE NO. 4:10CV01048 SWW-BD**

**GRANT HARRIS,** *et al.*                                                              **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**      **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District

Judge Susan Webber Wright.  Any party may file written objections to this

recommendation.  Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and one copy of your

objections must be received in the office of the United States District Court Clerk no later

than fourteen (14) days from the date of this Recommended Disposition.  A copy will be

furnished to the opposing party.  Failure to file timely objections may result in waiver of

the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.    Background:

On July 23, 2010, Plaintiff Eric Woods, an inmate formerly incarcerated at the Wrightsville Unit of the Arkansas Department of Correction ("ADC"), filed his original Complaint under 42 U.S.C. § 1983.  (Docket entry #2)  In his Complaint, Plaintiff alleges that Defendants interfered with his ability to practice his religion because he was not permitted to use the terms "God" or "Jesus Christ" while participating  in the Therapeutic Community Program ("TC Program") group sessions at the Wrightsville Unit.  Plaintiff names as Defendants Grant Harris, Greg Harmon, Sarah McGlothin, Pamela Hyatt, and Tina Hampton and requests injunctive relief.

Because Plaintiff has failed to state a constitutional claim under 42 U.S.C. § 1983, this matter should be DISMISSED, with prejudice.

## III.    Discussion:

### A.    Standard

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915(e).  The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C § 1915(e)(2).

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or

immunity secured by the federal Constitution or laws of the United States.  42 U.S.C.

§ 1983.  Although "detailed factual allegations are not required," the complaint must

contain sufficient factual matter to "state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, __ U.S.__, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v.

Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)).  "A claim has facial plausibility when the

pleaded factual content allows the court to draw the reasonable inference that the defendant

is liable for the misconduct alleged." *Iqbal*, __ U.S. __, 129 S.Ct. at 1940.

"Though pro se complaints are to be construed liberally, see *Estelle v. Gamble*, 429

U.S. 97, 106, 97 S.Ct. 285(1976), they still must allege sufficient facts to support the claims

advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

B.      Free Exercise Claim

Here, Plaintiff claims that his first amendment rights have been infringed upon

because he was not permitted to use the terms "God" or "Jesus Christ" while attending

group sessions of the TC Program at the Wrightsville Unit of the ADC.  Plaintiff requests

that the Court enjoin Defendants from prohibiting inmates from using the terms "God" or

"Jesus Christ" while attending the TC Program group sessions.  Plaintiff's claim fails.

As an initial matter, although the First Amendment protects an individual's right to

freely exercise his or her religion, a prison policy violates the Free Exercise Clause only if

it "substantially burdens" an inmate's sincerely held religious beliefs. *Weir v. Nix*, 114

F.3d 817, 820 (8th Cir. 1997).  In *Weir*, the Court explained that in order to be a

"substantial burden" on an inmate's free exercise rights, the prison policy "must significantly inhibit or constrain conduct or expression that manifests some central tenet of a [person's] individual [religious] beliefs; must meaningfully curtail a [person's] ability to express adherence to his or her faith; or must deny a [person] reasonable opportunities to engage in those activities that are fundamental to a [person's] religion." *Id*. (quoting *Werner v. McCotter*, 49 F.3d 1476, 1480 (10th Cir.), cert. denied, *Thomas v. McCotter*, 515 U.S. 1166, 115 S.Ct. 2625 (1995)).  Here, Plaintiff has not pled any such facts.

Plaintiff attaches to his Complaint the assistant director's response to his grievance. In the response, Defendant Harris explains that all inmates attending group sessions of the TC Program are instructed to use the term "Higher Power" "so as not to promote any one religious group" or to "give a preference to any one positive life approach over another." (#2 at p.10)  Plaintiff was not prohibited from using the terms "God" or "Jesus Christ" after group hours.  (#2 at p.10)

Defendant Harris goes on to state that Plaintiff was "always free to practice whatever religious belief [he holds] after group hours" and that the ADC has provided a Chaplain to plan, direct, and coordinate religious functions which Plaintiff was permitted to attend.  (#2 at p.10)

Plaintiff was not denied the opportunity to practice his religion.  Plaintiff has failed to show that his religious rights were substantially burdened by not being permitted to use the terms "God" or "Jesus Christ" while attending group sessions of the TC Program at the

4

Wrightsville Unit.  Thus he has failed to state a claim upon which relief can be granted.

Moreover, in his Complaint, Plaintiff requests only injunctive relief, *i.e.*, that the Court order the Defendants to allow inmates to use the terms "God" and "Jesus Christ" while attending TC Program group sessions.  Plaintiff, however, is no longer incarcerated at the Wrightsville Unit.  Because Plaintiff has failed to allege that he has been denied any constitutional right since he has been incarcerated at the North Central Unit of the ADC, his request is now moot.  See *Owens v. Isaac*, 487 F.3d 561, 564 (8th Cir. 2007) (explaining that a prisoner's claim for injunctive relief is moot when he is transferred to another facility).

## IV.   Conclusion:

The Court recommends that Plaintiff's claim be DISMISSED with prejudice; that the District certify an *in forma pauperis* appeal taken from its decision would not be in good faith; and that this lawsuit count as a "strike" for purposes of 28 U.S.C. § 1915(g).

DATED this 4th day of August, 2010.

_____
UNITED STATES MAGISTRATE JUDGE